Nelson, J.,
delivered the opinion of the court.
Although, the amount of damages ($137.20) allowed *608 by the jury for the hogs killed, seems to be high, we can not say that it is excessive and exorbitant, as insisted in the argument. One of them seems, from the proof, to have been of peculiar value, and the price of pork and bacon was very high, according to the proof, when the accident occurred, in the fall of 1865. There is evidence in the record which fully sustains the verdict, although there is other proof which would have authorized the jury to find a smaller amount of damages. The case was properly submitted to the jury, and upon a well established rule of this court their verdict will not be disturbed.
Reasons in arrest of judgment were' filed, alleging in substance, that no judgment could be pronounced because there was no such corporation in existence at the time as the East Tennessee and Georgia Railroad Company, but were overruled by the court. Assuming for the present that this was the proper mode of raising an objection not otherwise appearing in the pleadings or proofs, this court will briefly consider the question intended to be raised by the reasons in arrest and relied upon in argument. It is contended that the East Tennessee and Georgia Railroad Company, which succeeded to the rights of the Hiwassee Railroad Company, and was created by the act of February 4, 1848, ch. 169, s. 3, ceased to exist in consequence of its consolidation with the East Tennessee and Virginia Railroad Company under the -acts of February 25, 1869, ch. 38, s. 3, and December 7, 1869, ch. 36, s. 2. From the act last named it appears that the two corporations were consolidated into *609 one, under the new. name and style of the East Ten-nesse, Virginia and Georgia Railroad Company. This was done before the rendition of the judgment in this ease on the 5th of April, 1861; but the contract, if there be one, between the two companies, by which they were consolidated, is not before us.
Upon general principles and without reciting the objects of consolidation as indicated in the statutes referred to, this court is of opinion that the mere change of the corporate name, pending the suit, did not extinguish existing corporate liabilities, and that the suit was properly prosecuted to judgment in the names of the parties to the record, especially as there was no plea in abatement, motion or other proceeding to bring the corporation by yits new name before the court. The appeal to this court is prosecuted in the name of the original defendant, and the appeal bond is signed by the East Tennessee and Virginia Railroad Company, and the plaintiff in error is estopped to deny its non-existence. In Baltimore and Ohio Railroad Company v. Musselman, 2 Grant’s Cases, it was held that a union or consolidation of a defendant corporation with other corporations under a law which continues its liabilities is not such a dissolution of the corporation as will abate an action before the consolidation was effected. See Abbott on Corp., 295, No. 54.
A corporation may be known in its public proceedings by several names, as well as individuals, and may be sued by a name substantially answering its true appellation. Angell and Ames on Corp., ss. 100, 647, 649, 7th ed.
*610 But it is immaterial in this case to consider carefully or settle authoritatively the question intended to be raised and to determine whether the first section of the act of December 17, 1869, which provides that “ under their new name, the railroads thus consolidated shall succeed to all the privileges and immunities and be subject to all the liabilities of the respective roads existing previous to their consolidation” was intended to apply to the East Tennessee, Virginia and Georgia Eailroad Company, as recognized in the subsequent section, or relates exclusively to other railroads to be consolidated under the first section.
It is said in a note to Angelí & Ames, that where a corporation has taken no advantage of a variance ■from their name either by plea or at the trial, they can not arrest the judgment or reverse it on that account. And it is expressly laid down in the text, that á corporation defendant can not take advantage of a misnomer, in arrest of judgment, bu.t must plead it in abatement: Ang. & Ames on Corp., 7th ed. s. 650, note 2.
We hold, therefore, that the reasons in arrest are bad in form and substance, and affirm the judgment.